UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TARCIO DANTAS MASCARENHAS,

Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

No. 2:26-cv-03343-DAD-CSK

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(Doc. No. 4)

This matter is before the court on plaintiff's *ex parte* motion for temporary restraining order and preliminary injunction. (Doc. No. 4.) For the reasons explained below, plaintiff's motion will be denied.

**BACKGROUND**

On September 22, 2026, plaintiff filed a complaint against defendants Markwayne Mullin in his official capacity as the Secretary of the United States Department of Homeland Security, David J. Venturella in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement, and Sergio Albarran in his official capacity as the Acting Field Office Director of the ICE San Francisco Field Office ("defendants"). (Doc. No. 1.) That same day, plaintiff filed a combined *ex parte* motion for temporary restraining order and preliminary injunction in which he requests that this court enjoin defendants from detaining him "at

Sacramento International Airport, Seattle-Tacoma International Airport, or Daniel K. Inouye International Airport, aboard any aircraft, or within any airport terminal, concourse, gate area, jet bridge, or baggage claim area, absent a judicial warrant or an administrative warrant issued under 8 U.S.C. § 1226(a) supported by an individualized determination[]" in advance of his pre-planned travel at 6:00 AM on September 28, 2026 from Sacramento, California to Honolulu, Hawai'i. (Doc. No. 4 at 2; 4-5 at 3.) In his complaint, plaintiff alleges as follows.

Plaintiff has resided continuously in the United States since June 23, 2005. (Doc. No. 1 at ¶ 22.) Plaintiff was previously in removal proceedings before the Immigration Court, but those proceedings have been administratively closed. (*Id.* at ¶ 25.) Plaintiff does not have any criminal history and he has never been detained by immigration authorities. (*Id.* at ¶¶ 24, 27.) On April 19, 2024, plaintiff was issued Employment Authorization by the Department of Homeland Security ("DHS"). (*Id.* at ¶ 26.) Plaintiff is scheduled to fly from Sacramento, California, through Seattle, Washington to Honolulu, Hawai'i on September 28, 2026. (*Id.* at ¶ 28.)

The Transportation and Security Administration ("TSA") and Immigration and Customs Enforcement ("ICE") entered an agreement in May, 2025, to share secure flight passenger data. (*Id.* at ¶ 30.) On August 10 and 19, 2026, ICE detained noncitizens at the Seattle-Tacoma International Airport. (*Id.* at ¶ 36.) The people detained included those with pending immigration applications and no criminal history. (*Id.*) A query of plaintiff's identifying information against defendants' systems will return a match because he has an alien-registration number, an administratively closed proceeding, a pending application, and a DHS-issued identity document. (*Id.* at ¶ 40.) Plaintiff is therefore likely to be detained when he travels to Hawai'i. (*Id.* at ¶ 41.)

Based on the foregoing, plaintiff brings the following claims against defendants: (1) Administrative Procedure Act — Arbitrary, Capricious, and Contrary to Law (5 U.S.C. § 706(2)(A), (C)); (2) Administrative Procedure Act — Substantive Rule Adopted Without Notice and Comment (5 U.S.C. § 553); (3) Violation of the Accardi Doctrine — Failure to Follow the Agency's Own Binding Policy; (4) Fourth Amendment — Unreasonable Seizure; 8 U.S.C. §

/////

1357(a)(2); (5) Fifth Amendment — Deprivation of Liberty Without Due Process. (Doc. No. 1 at ¶¶ 54–77.)

On September 24, 2026, defendants filed an opposition to plaintiff's combined *ex parte* motion for temporary restraining order and motion for preliminary injunction. (Doc. No. 11.)

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**ANALYSIS**

**A. Standing**

Defendants argue that plaintiff lacks standing to seek prospective injunctive relief because he does not claim that he has had any previous contact with ICE, nor has he alleged any communication from ICE displaying an intent to detain him and, therefore, he seeks relief for conjectural or hypothetical injuries. (*Id.* at 4–5.)

"Courts in this circuit have found that the government may be enjoined from re-detaining a petitioner prior to their actual detention where the petitioner presents sufficient facts to show that their threat of re-detention is more than hypothetical." *Tito v. Mullin*, No. 26-cv-02178-TLT, 2026 WL 1235236, at *2 (N.D. Cal. Apr. 3, 2026). Courts have also accepted evidence of

detentions by ICE of similarly situated people as sufficient to establish standing, even where the plaintiff does not provide evidence specific to his or her own detention. *See Du v. Mullin*, No. 26-cv-09233-ASK, 2026 WL 2606985, at *2 (N.D. Cal. Sept. 1, 2026) (finding that the plaintiff provided meaningful evidence that she would be detained at an upcoming ICE appointment where "for the approximately nine months between January 20, 2025, and October 15, 2025, over 61% of ICE arrests in the San Francisco Area of Responsibility occurred at immigration appointments and check-ins, and that approximately 69% of those arrested at such appointments had no criminal record."); *Aghajanyan v. Immigr. & Customs Enf't*, No. 2:25-cv-12255-MWC-JDE, 2026 WL 790762, at *4 (C.D. Cal. Jan. 3, 2026) (finding that the petitioner' s claim was not speculative because he faced detention in light of the Board of Immigration Appeal's ("BIA") dismissal of his appeal) (collecting cases); *Howe v. Noem*, No. 26-cv-00135-JO-BJW, 2026 WL 114649, at *1 (S.D. Cal. Jan. 15, 2026) (finding the plaintiffs alleged credible grounds to fear an unlawful arrest at their upcoming adjustment-of-status interviews based on evidence that ICE carried out arrests of similarly situated individuals and defendants had confirmed that ICE carried out such detentions in San Diego, where the plaintiff was required to report); *but see Alfonso v. Bondi*, No. 2:25-cv-02748-TL, 2026 WL 395326, at *6 (W.D. Wash. Feb. 12, 2026) (finding that the petitioner lacked standing because he did not make a realistic showing that he would be re-detained unlawfully based solely on his previous unlawful detention to justify prospective injunctive relief). Here, plaintiff has presented evidence that similarly situated noncitizens have been detained by ICE at the Seattle-Tacoma Airport, where he plans to travel in the coming days. In addition, defendants have not disclaimed any intent to carry out such arrests. At this early stage of this action, the court finds that this evidence is sufficient to establish plaintiff's standing.

**B. Irreparable Harm**

Defendants next argue that plaintiff has not shown that he is likely to suffer irreparable harm. (Doc. No. 11 at 7.) Plaintiff argues that the loss of his physical liberty constitutes irreparable harm which justifies preemptive injunctive relief. (Doc. No 4 at 17.)

"A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to

preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). "'[A]n alleged constitutional infringement will often alone constitute irreparable harm,' but not if 'the constitutional claim is too tenuous.'" *Carmichael v. Ige*, 470 F. Supp. 3d 1133, 1150 (D. Haw. 2020) (quoting *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997) and *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984).

As noted, plaintiff argues that he will suffer irreparable harm if he is unlawfully detained. (Doc. No 4 at 17.) However, the court concludes that this claim is too tenuous to support a temporary restraining order because plaintiff concedes that the likelihood of his re-detention is incumbent on his decision to travel to Hawai'i. In this regard, the harm that plaintiff is likely to suffer is missed travel, which is insufficient to show irreparable harm. *See Carmichael*, 470 F. Supp. 3d at 1150 (finding that the plaintiffs failed to show irreparable harm where their evidence was limited to declarations explaining why they chose not to travel to Hawai'i due to potential issues arising from quarantine requirements). Plaintiff's failure to show irreparable harm is dispositive as to the pending motions. *See Brooks v. It Works Mktg., Inc.*, No. 1:21-cv-01341-DAD-BAK, 2022 WL 2217253, at *8 (E.D. Cal. June 21, 2022) (determining the plaintiff did not carry her burden to show irreparable harm and denying her motion for preliminary injunction on that basis); *Brewster v. City of Los Angeles*, No. 14-cv-2257-JGB-SP, 2014 WL 12853164, at *3 (C.D. Cal. Nov. 20, 2014) ("As a temporary restraining order is an extraordinary remedy, it should not be granted 'unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 872 (1997)).

**C. Ex Parte Relief**

"In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Myles v. PennyMac Loan Servs. LLC*, No. 17-cv-04343-PSG-MRW, 2017 WL 8160965 (C.D. Cal. July 26, 2017). Plaintiff has not explained why he delayed in bringing this *ex parte* motion for temporary restraining order.

Plaintiff does not state when he planned his travel to Hawai'i or why such travel is necessary. Accordingly, plaintiff has failed to carry his burden to justify the granting of *ex parte* relief in this matter. *See Brewer v. Loancare, LLC*, No. 2:25-cv-01157-DC-CSK (PS), 2025 WL 1400288, at *2 (E.D. Cal. May 14, 2025) (collecting cases denying motions for emergency relief where the plaintiff unreasonably delayed in seeking relief to prevent foreclosure sales).

**CONCLUSION**

For the reasons explained above, plaintiff's combined *ex parte* motion for a temporary restraining order and preliminary injunction (Doc. No. 4.) is DENIED.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE